UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CURTIS GORE                                                                                          PLAINTIFF

VS.                                                               CIVIL ACTION NO.1:03CV673-MPM-JAD

COUNTY OF LOWNDES, MISSISSIPPI, ET AL                                          DEFENDANTS

REPORT AND RECOMMENDATION

The undersigned, *sua sponte*, has reviewed the file in this case, and in particular, the complaint filed by the plaintiff. This case has long been stayed on the motion of the defendants under the Soldiers and Sailors Relief Act because one of the named defendants, Andy Round, has been and will continue to be on active military duty. Because the plaintiff is not proceeding *in forma pauperis,* the complaint has never before been reviewed by the court for the presence or absence of a justiciable controversy. Such a review has now been undertaken.

Curtis Gore's complaint alleges that he owned a 10 foot aluminum braker, a 24 foot aluminum walk board and other equipment. He claims that he noticed it was stolen and reported the theft. He alleges Detective Tony Perkins and A. Round(Andy Round) came to his home "to investigate the theft." Perkins allegedly questioned him on a later date about whether he gave a Paul Eggerston authority to sell the equipment. Gore denied that he had and continues to deny giving Eggerston authority to sell the equipment. Gore says he ultimately located his property and recovered it from the sheriff's department. Thereafter Perkins allegedly demanded that Gore sign a statement Gore says is false. When he refused to sign the statement and in retaliation for this refusal, Perkins arrested him and he was charged with false pretense. The equipment was then seized

from Gore's home. Per the complaint Gore was sentenced on a charge of sale of cocaine. It is unclear from the pleadings what disposition may have been made on the false pretense charge.

Andy Round is mentioned by name twice in the body of the complaint. He is named as one of the defendants. It is alleged that he came with Perkins once at the beginning of the investigation. He is included in an allegation that all of the defendants acted under color of state law and Gore has sought 'nominal' damages of $ 50,000.00 from each of the defendants. There are no allegations in the complaint of any involvement of any policy makers for Lowndes County or the Lowndes County Sheriffs Department in this incident. There are no allegations of any unconstitutional policy of these entities.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), the undersigned finds that Gore has failed to state a claim against Andy Round, Lowndes County and the Lowndes County Sheriff's Department. In a § 1983 action the employers and supervisors cannot be held liable for the actions of employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978). There is not a single allegation in the complaint of any misdeed by Andy Round or any personal involvement by him in the arrest and the taking of Gore's property, therefore no claim has been stated against him.

The undersigned recommends that the complaint be dismissed against Lowndes County, the Lowndes County Sheriff's Department, and Andy Round, for failure to state a claim and that the stay thereafter be vacated so that the action may proceed as to the remaining defendant, Perkins.

**The plaintiff is advised that the court's prior order prohibiting him from further filings except in the event of threatened irreparable harm, does not apply to filing objections to this**

**report and recommendation.** The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 19th day of March, 2007.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE