# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **CURTIS GORE,** | **PLAINTIFF** |
| **V.** | **NO. 1:03CV673-M-D** |
| **COUNTY OF LOWNDES, MISSISSIPPI, et al.,** | **DEFENDANT** |

## OPINION

This matter is before the court on Defendants' motion for summary judgment. After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 529 (1972), the court finds that summary judgment shall be granted in favor of all Defendants.

*A. Factual and Procedural Background*

Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is seeking monetary damages for his arrest and conviction stemming from a purported false arrest. Specifically, Plaintiff complains that he was arrested and found guilty of a false pretense charge of which he is innocent.

In December 2002, after noticing that some of his property was missing, Curtis Gore contacted Detective Tony Perkins to report the theft. Gore told Perkins that he had seen his property at a business owned by Defendant Knight. Gore provided serial numbers from the missing property to Perkins. Perkins went to Knight's business and located Gore's property. Knight stated that he bought the property from Defendant Eggleston for $600. Gore was later allowed to retrieve his property.

An arrest warrant was issued for Eggleston. Eggleston was eventually arrested and posted bond for $1000. On May 2, 2002, Eggleston and Gore were at the county jail where Eggleston signed an affidavit stating that Gore had given him permission to sell the purported stolen property.

Gore refused to sign any statement and was arrested for false pretense. Gore had a hearing scheduled on the false pretense charge for December 10, 2002. On November 14, 2002, however, Gore was sentenced to serve twelve years for an unrelated crime. Since Gore was incarcerated, he did not appear at the false pretense hearing and was found guilty as charged.

In his complaint, Plaintiff alleges that the Defendants violated his right to due process and equal protection when he was arrested for false pretense. Plaintiff is seeking a declaratory judgment expunging his record of the false pretense charge and an order requiring Defendants return his property along with monetary and punitive damages.

### B. Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could

find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

The Supreme Court has declared "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, a cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Heck*, 513 U.S. at 489-91.

In order to succeed on his constitutional claims for monetary damages, Plaintiff would have to show that his false pretense conviction has been reversed, expunged or declared invalid by a state court. There is no such proof or allegation in this case. In fact, there is no documentation showing that Plaintiff has even attempted to appeal his conviction within the state court system. The law prohibits the type of collateral attack Plaintiff is attempting with this lawsuit. The law is clear, Plaintiff may not challenge the validity of his conviction or sentence by seeking damages under 42 U.S.C. § 1983. Rather, Plaintiff must first utilize the state court system to attack his false pretense conviction. If Plaintiff is successful in having the false pretense conviction overturned by a state court, he may then, and only then, seek damages in this court pursuant to § 1983.

Therefore, given the absence of evidence demonstrating the invalidity of Plaintiff's state court conviction for false pretense, he may not maintain a § 1983 action for damages. There being

no such proof, there is also no genuine issue of material fact worthy of a jury's consideration. Accordingly, Defendants' summary judgment motion shall be granted.

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of September, 2007.

                                           **/s/ Michael P. Mills**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**
                                           **NORTHERN DISTRICT OF MISSISSIPPI**